# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | CRIMINAL NO. 4:05CR122(1) |
| v. | § | |
| | § | |
| JESUS DE LA TORRE MOLINA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 24, 2010 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Randy Blake.

On November 30, 2005, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to 30 months imprisonment followed by a 3-year term of supervised release for the offense of reentry of deported alien. Defendant's term of supervised release began on March 3, 2008.

On July 2, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 37). The petition asserts that Defendant violated the following

1

conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall abstain from the use of alcohol; and (4) as a condition of supervised release, immediately upon release from confinement, Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et. seq., and if ordered deported, Defendant shall comply with all conditions of supervised release.

The petition alleges that Defendant committed the following violations: (a) Defendant was arrested by the Texas Department of Public Safety, Texas Highway Patrol in Van Zandt County, Texas on May 16, 2010 at 2:28 a.m. for Driving While Intoxicated, 3rd or More, a 3rd Degree Felony, Defendant provided two breath specimens with the results of .149 and .144, Defendant was released on bond, and no court date had been set at the time of the filing of the petition; and (b) Defendant illegally returned to the United States as evidenced by his arrest on may 16, 2010, and no criminal charges had been filed at the time of the filing of the petition.

At the hearing, the Government withdrew its allegations regarding the conditions set forth in paragraph (a), and Defendant entered a plea of not true of the conditions set forth in paragraph (b) regarding his illegal reentry into the United States. The Government then asked the Court to take judicial notice of its own Court records regarding Defendant's prior criminal proceedings. Having reviewed these records, the Court finds that there is evidence that Defendant has been previously

deported and came back into the country without permission.

The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked. Defendant reserved his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the hearing, the Court recommends that the Defendant be committed to of the Bureau of Prisons to be imprisoned for a term of 24 months, to be served consecutively with any other sentence being served, with no supervised release to follow.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

**SIGNED this 25th day of August, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE